UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IN RE: KATRINA CANAL BREACHES                    CIVIL ACTION
CONSOLIDATED LITIGATION

NO. 05-4182

PERTAINS TO: BARGE                               SECTION "K"(2)
LAFARGE, 07-5178

ORDER AND REASONS

Before the Court is Defendant United States of America's Motion to Dismiss (Rec. Doc. 8365) ("Mot.").  Plaintiff Lafarge North America, Inc., ("LNA") has filed a suit against the United States alleging tort claims for damages arising from the failure of particular levee systems that resulted in flooding in New Orleans, Louisiana, during Hurricane Katrina.  LNA has opposed the motion to dismiss (Rec. Doc. 8602) ("Opp.").  Defendant filed a Reply to the Plaintiffs' Opposition (Rec. Doc. 8832) ("Reply").  The Court has reviewed the pleadings, memoranda, and applicable law, and it finds that dismissal of the claims against Defendant United States in this matter is appropriate for the reasons herein.

I.  BACKGROUND

This case is one of the matters consolidated within the *In re Katrina Canal Breaches Litigation* umbrella (Civ. A. No. 05-4182).  LNA's complaint asserts that the United States, through the U.S. Army Corps of Engineers ("Corps"), caused damage to LNA's facilities and equipment within Orleans Parish when levees maintained by the Corps were breached by storm surges in the wake of Hurricane Katrina.  Compl. ¶ VIII.  LNA also claims that its damage was caused by the Corps' negligence in construction and maintenance of the Industrial Canal, the

1

Gulf Intracoastal Waterway ("GICW"), and the Mississippi River-Gulf Outlet ("MRGO"). Compl. ¶ VIII.

The United States' Motion to Dismiss is premised essentially on one point: administrative exhaustion.  It claims that Plaintiff filed its Complaint less than six months after it had filed its administrative complaint despite the fact that no administrative action had yet been taken by the Corps.  Because Plaintiff was required by statute to wait at least six months after filing its administrative complaint to file its Complaint with this Court, the Plaintiff's Complaint must be dismissed as having been filed prematurely.  Mot. at 3.  Plaintiff responds that the exhaustion should be excused as futile, or in the alternative, the exhaustion requirement should be relaxed in this case.  Opp. at 4-14.  At least, claims Plaintiff, it should be permitted to refile its Complaint.  Opp. at 14.  Defendant United States replies that there is no equitable reason to excuse exhaustion, relax the exhaustion requirement, or to toll the statute of limitations.  Reply 5-10.  Because the exhaustion requirement is jurisdictional and cannot be waived, therefore the Plaintiff's suit must be dismissed.  Reply 1-5.


**II. ANALYSIS**

As a preliminary matter, Plaintiff brings its suit in this Court under several specific statutes: the Federal Tort Claims Act ("FTCA") (codified at 28 U.S.C. § 1346 and § 2671, *et seq.*), the Suits in Admiralty Act (46 U.S.C. § 30901, *et seq.*)[1], the Admiralty Extension Act ("AEA") (46 U.S.C. § 30101), and under the general maritime law of the United States.  Compl. ¶ I.

_____

[1] Cited by Plaintiffs under its prior codification, 46 U.S.C. § 741, *et seq.*

The FTCA alone can serve as jurisdiction in this case because it allows "civil actions on claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b)(1).  The SAA alone, however, would not apply here because it permits "a civil action in admiralty in personam may be brought against the United States" for cases that could have been brought against a private owner of a vessel. 46 U.S.C. § 30903(a).  The present claim involves damage to land, therefore the AEA must apply.  That statute provides that "[t]he admiralty and maritime jurisdiction of the United States extends to and includes cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."  46 U.S.C. § 30101(a).  Therefore, this Court turns its focus to the requirements of the FTCA and the AEA.

Both the AEA and the FTCA require that plaintiffs exhaust their administrative remedies prior to filing a judicial claim against the United States.  The AEA provides that a civil action against the United States "may not be brought until the expiration of the 6-month period after the claim has been presented in writing to the agency owning or operating the vessel causing the injury or damage."  46 U.S.C. § 30101(c)(2).  Likewise, the FTCA requires administrative exhaustion:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall

> have first presented the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and sent by certified or
> registered mail. The failure of an agency to make final disposition of a claim
> within six months after it is filed shall, at the option of the claimant any time
> thereafter, be deemed a final denial of the claim for purposes of this section. The
> provisions of this subsection shall not apply to such claims as may be asserted
> under the Federal Rules of Civil Procedure by third party complaint, cross-claim,
> or counterclaim.

28 U.S.C.A. § 2675(a).  Thus, the FTCA allows a judicial complaint to be filed after the agency has denied the administrative claim, or where there is no agency action on an administrative complaint for at least six months.  Under the AEA, however, all parties must wait six months after filing their administrative complaint to file their judicial complaint.  Moreover, the FTCA requires that plaintiffs file suit either within two years of the date of injury or within six months after denial of the administrative claim.  28 U.S.C. § 2401(b).  The AEA, however, only provides that the judicial claim be filed within two years of the date of injury.  *McMahon v. United States*, 342 U.S. 25, 27, 72 S.Ct. 17, 19, 96 L.Ed. 26 (1951) ("[W]e think it clear that the proper construction of the language used in the Suits in Admiralty Act is that the period of limitation is to be computed from the date of the injury.").

In the present case, it appears clear and undisputed that Plaintiff did not wait six months after filing its administrative complaint to file its Complaint with this Court.  Plaintiff admits that it submitted its Standard Form 95 ("SF-95"), the standard administrative claim form, to the Corps on March 1, 2007.  Compl. ¶ VII.  It consequently filed its this judicial claim on August 29, 2007, Compl. ¶ VII, three days short of September 1, 2007, which would mark the end of the six-month period after which Plaintiff could file its claim under both FTCA and AEA.  Plaintiff, therefore, filed its judicial claim too early.

As aptly pointed out by the Defendant, because Plaintiff filed its suit before the six-

4

month waiting period expired, under the FTCA and AEA this suit is barred because administrative remedies have not been fully exhausted.  In *McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 1983, 124 L.Ed.2d 21 (1993), the Supreme Court addressed an FTCA claim in which the plaintiff had filed his suit prior to rejection by the relevant agency or six months after filing the administrative claim.  The plaintiff asserted that the district court should have permitted his suit to proceed despite having been filed prematurely because "no substantial progress ha[d] take place in the litigation before the administrative remedies [were] exhausted." *Id.* at 110, 113 S.Ct. at 1983.  The Supreme Court, however, held that the administrative exhaustion requirement must be strictly construed because "the statute indicates that Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process." *Id.* at 112, 113 S.Ct. at 1984.  The Court explained that "[t]he interest in orderly administration in this body of litigation is best served by adherence to the straightforward statutory command," and therefore the petitioner's suit must be dismissed as prematurely filed. *Id.*  Likewise, the Fifth Circuit has held that the administrative exhaustion requirement is a condition of subject matter jurisdiction under the FTCA, and therefore "[a]n action that is filed before the expiration of the six-month waiting period, and is thus untimely, cannot become timely by the passage of time after the complaint is filed." *Price v. United States*, 69 F.3d 46, 54 (5th Cir. 1995).  Although most judicial commentary concerning exhaustion pertains specifically to the FTCA, this Court is persuaded to interpret the AEA's administrative exhaustion requirement no differently considering that it is worded in simpler, more straightforward language than the FTCA. *See* 46 U.S.C. § 30101(c)(2).  As explained above, Plaintiff in the present matter filed its judicial claim three days too early; therefore, this Court lacks jurisdiction

over the Plaintiff's claims against the United States.

Plaintiff, however, attempts to avoid the strict application of the exhaustion requirement by pleading that exhaustion would be futile.  Plaintiff cites *Green v. United States*, No. Civ. A. 02-616, 2003 WL 1733520, at *1 (E.D. La. Mar. 31, 2003) (Duval, J.), in which this Court did excuse the administrative exhaustion requirement as futile.  *Green*, however, is not on point. That case involved an FTCA suit by the son of a man who had died due to allegedly negligent medical treatment he received at the Veterans Administration Hospital.  That plaintiff did properly filed an administrative claim, which was denied, but the decedent's eleven other children failed to file an administrative claim.  Those children sought to join the suit despite the fact that they had not filed an administrative claim.  *Id.* at *2.  This Court excused exhaustion because the original claim was denied by the agency on the grounds of lack of negligence by the treating doctors, and therefore that the original claim "fairly apprized" the agency of all the children's claims and excusing exhaustion provided "fair and equitable treatment" because the other children's claims would have been identical to the original claim and denied for the same reasons.  *Id.* at *4.  The Plaintiff's present claim is inapposite to *Green*.  Plaintiff's prior claim against the Corps was a third party complaint for indemnity, and it did not involve any administrative claim having been filed with the Corps.  Thus, unlike *Green*, the Corps here did not have the opportunity to review and settle the claim.  Moreover, it should be noted that the other claimants in *Green* were subsequently dismissed by this Court when it was determined that the original plaintiff failed to notify the agency that other claimants existed.  *Green v. United States*, No. Civ. A. 02-616, 2003 WL 21500553, at *4-5 (E.D. La. June 24, 2003) (Duval, J.). Thus, the first *Green* decision is hardly persuasive authority for this Court to follow here.

Plaintiff further asserts that the administrative exhaustion requirement should be relaxed here due to an alleged anomaly in the timing of the injury. Plaintiff notes that the injury here occurred on August 29, 2005, and therefore the two-year statute of limitations expired on August 29, 2007. Opp. at 7. The administrative claim would have to be filed six months prior to the statute of limitations deadline, namely February 29, 2007. In 2007, however, February only had 28 days, resulting in an apparently confusing deadline that caused the Plaintiff to file his administrative claim on March 1st instead of February 28th. Plaintiff, however, could have avoided all of this confusion by simply filing its administrative claim on February 28, 2007, or any other day prior to that date. Then, after six months had passed, the Plaintiff could have filed both claims in a timely fashion. As explained by the Supreme Court, "given the clarity of the statutory text [of the FTCA], it is certainly not a 'trap for the unwary.'" *McNeil*, 508 U.S. 106 at 113 S.Ct. 1980 at 1984. The chance that competent lawyers would be unable to navigate the exhaustion requirement of the FTCA and the AEA is "virtually nonexistant." *Id.* ("[T]he risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistant."). This Court has found that a copy of the United States Code, a calendar, and a handy set of fingers are the only items necessary to determine the statutory deadlines here. Therefore, the administrative exhaustion requirement shall not be excused or relaxed as proposed by Plaintiff.

Plaintiff lastly requests this Court to dismiss its claim without prejudice in order to allow it to refile its claim. Plaintiff suggests that, under the FTCA, its claim still will be timely as long as it is filed prior to March 1, 2008. However, under the FTCA, a claim is not time-barred as long as the administrative claim is still pending. Under 28 U.S.C. § 2401(b), a tort claim against the United States is barred unless it is presented to an agency within two years of the accrual of

the claim, and unless an action is filed "within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented.  The FTCA itself further explains, "The failure of an agency to make final disposition of a claim within six months after it is filed shall, *at the option of the claimant any time thereafter*, be deemed a final denial of the claim for purposes of this section."  28 U.S.C. § 2675(a) (emphasis added).  Because this Court understands that the Corps has not yet denied the administrative claims of any Plaintiff in this action, accordingly these claims are not time-barred until six months after such denial.  This Court will dismiss the FTCA claim without prejudice and allow the Plaintiffs to refile.

However, the Plaintiff's AEA claim is likely time-barred because it was not properly filed within two years of the injury, namely by August 29, 2007.  *See McMahon*, 342 U.S. at 27, 72 S.Ct. at 19.  This Court notes, though, that Plaintiffs' AEA claim would not have survived a motion to dismiss anyways because this Court has already ruled that any claim of negligence regarding the construction and maintenance of the MRGO does not implicate the AEA because the claim does not allege that a United States-owned vessel caused the relevant damage.  *In re Katrina Canal Breaches Consol. Litig.*, Civ. A. No. 05-4182, 2007 WL 2480369, at *12 (E.D. La. Aug. 29, 2007).  Therefore, the AEA claim will be dismissed with prejudice.

**III.  CONCLUSION**

For the reasons stated herein, accordingly,

8

**IT IS ORDERED** that Defendant United States' Motion to Dismiss (Rec. Doc. 8365) is

**GRANTED.**   Plaintiff LNA's claims against the United States under the FTCA are

**DISMISSED WITHOUT PREJUDICE.**  Plaintiff LNA's claims against the United States

under the AEA are hereby **DISMISSED WITH PREJUDICE.**

New Orleans, Louisiana, this ___28th___ day of May, 2008.

_____

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT JUDGE**

9